Petition by John L. Layne for a writ of habeas corpus. Petition dismissed.

Thomas D. Lavelle, of Boston, Mass., for petitioner.

J. Weston Allen, Atty. Gen., for respondent Keating.

---

### In re CUNY.

(District Court, S. D. Texas, at Houston. November 3, 1920.)

Aliens ☞62—Effect of registering for foreign military service after declaration of intention.

A German subject, who in 1914, after having made his declaration of intention, registered for military service with a German consul, *held* not entitled to admission to citizenship on such declaration, but under the facts shown entitled to refile or make a new declaration.

Application of John Peter Cuny for naturalization. Dismissed without prejudice.

M. H. Anthoni, U. S. Naturalization Examiner, of San Antonio, Tex., for the United States.

HUTCHESON, District Judge. This is a hearing upon the application of John Peter Cuny to be admitted to citizenship. The government, through the examiner, objects to his admission on the ground

that, in the summer of 1914, the petitioner, having theretofore filed his declaration of intention to become a citizen of the United States, did register for military service with the German consul at Galveston. The contention of the government is that this registration invalidated the declaration of intention, and therefore left the petitioner in the case of one without a declaration of intention, wanting in one of the essential formal requisites for admission.

The petitioner replies that, while it is true that he did register, he did so, not for the purpose of aiding Germany, but in order that, after the war should be over, if he should at any time in his future life have an opportunity to go to Germany to visit his mother, he could not be excluded or imprisoned, and sought to emphasize this position by the proof, uncontradicted, that while he was technically a German subject, because born in Alsace, he was born of French parents, educated in France, and always cherished a lively antipathy toward the Germans; that he knew, when he registered, that it would not be possible for him to return to Germany for service, and he registered, not with the intention of serving, but merely to preserve his standing.

The petitioner is of high moral character, and the only objection to his admission is grounded on the point above stated. The laws that govern naturalization require that, to entitle an applicant to be admitted to citizenship, except in certain specified cases, there must be a declaration of intention, which declaration shall have been made not less than two, nor more than seven, years before the petition for admission is filed. Subdivision 4 of section 4 of the law (Comp. St. § 4352, subd. 4) further provides:

"It shall be made to appear to the satisfaction of the court * * * that immediately preceding the date of his application," the petitioner shall have "resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

Within the seven-year period which the statute contemplates a declaration shall be operative there is no express provision of the law invalidating it, and the applicant stands before this court with a good declaration and a good petition, and, unless the other provisions of the statute quoted prevent his admission, he should be received.

This I think it clear they do, for it is wholly inconsistent with the professions of the declaration, "It is my bona fide intention to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty," and therefore inconsistent with that loyalty which a prospective citizen owes to the country whose citizenship he seeks, for him to attempt, during the period when his right to citizenship in the adopted country is ripening, to reaffirm his allegiance to the country from which he comes. If this were permitted, the very purpose of the five-year probation would be defeated, for it cannot be said that a man who, after professing in his declaration of intention that he intends to forever renounce allegiance to any foreign government, registers with the consul of a

269 F.—30

foreign government for its compulsory military service, has conducted himself in the manner of one attached to the principles of our Constitution, or well disposed to the good order and happiness of our country.

I do not agree, however, with the contention of the government that this action of the applicant has invalidated his declaration of intention. As before stated, the statute does not in terms provide for its invalidation upon facts of the kind in question, and the record wholly fails to show any fraud upon the part of applicant at the time of making it which would invalidate it.

In view, therefore, of the fact that at the time of his registration the United States was not at war with Germany, and that the evidence not only fully acquits petitioner of any disloyalty to the United States, but furnishes a record of loyalty and efficient helpfulness in the war work of this government after the United States became a party to the conflict, it is my opinion that the order in this case should be that the petition of the applicant be dismissed without prejudice, with the right to refile, or, if he is so disposed, to withdraw the declaration as a basis for filing the petition in any other district to which he may remove, with the right to the petitioner to be admitted upon showing that for a period of five years prior to the filing of his new petition he conducted himself in the manner which the statute requires this five years to be arrived at, without taking into consideration any time prior to the registration with the German consul; and it will be so ordered.