### In re WATKISS.

(District Court, S. D. Texas, at Houston. December 28, 1920.)

Aliens ⚮62—Unsuccessful attempt to volunteer in alien army after declaration does not bar admission.

Where an alien, who had declared his intention to become a citizen, thereafter attempted to volunteer for the military service of his native country, but was rejected, so that he took no oath of allegiance in connection therewith, his act was not a recognition of the claim of his native country to his services, and therefore does not bar his admission to citizenship, as his registration for compulsory service would have done.

Petition by John Walford Watkiss for admission to citizenship. Petitioner ordered admitted.

M. H. Anthoni, U. S. Naturalization Examiner, of San Antonio, Tex., for the United States.

HUTCHESON, District Judge. This is a hearing on the petition for citizenship of John Walford Watkiss, a subject of Great Britain, whose papers are in proper form, and who stands accredited in every respect for the award of citizenship, except for the objection raised by the government, through its examiner, that petitioner did, sub-

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sequent to the date of the execution of his declaration of intention, endeavor to enlist in the British armies for service in the World War.

This endeavor took the form, first, before the United States entered the war, of a call at the British consulate at Galveston, with an offer there to enlist in the British army, followed by rejection, on account of applicant's being a married man; and, second, after the United States had entered the war, by an endeavor on the part of petitioner to enlist in the Canadian forces. Neither of these efforts to enlist was successful, and the petitioner did not, in connection with either one of them, take any oath of allegiance, nor register nor otherwise submit himself for compulsory service.

The record containing no proof of a provision for compulsory military service in the British army applicable to petitioner at the time when he undertook to enlist in it, his act must be held to be that of a volunteer, which neither in fact nor in law was a recognition of the authority of the British government, or an act of allegiance thereto. This being true, I find nothing in the conduct of petitioner which could be said to be contrary to the Constitution of the United States, or other than well disposed to the good order and happiness of the same.

In the Case of John Peter Cuny, 269 Fed. 464, opinion filed the 3d day of November, 1920, where the applicant registered with the German consul, I have set out the reasons which induced me to hold that that petition should be denied, and to that opinion I refer for the general considerations controlling here. Applying those considerations to this case, I think it clear that this petition should be granted, and the applicant admitted, for, while the distinction at first blush between this and the Cuny Case may appear narrow, it is none the less clear, resting as it does upon the fact that the act of Cuny was a rendering allegiance to a compulsory requirement, and therefore an attorning or act of fealty to the German government, while the acts of Watkiss were merely voluntary acts of a person who felt the call of a righteous cause, and desired to do his part in it, with no attorning to or recognition of the authority of the British government over him.

It is therefore my judgment, and it will be so ordered, that the petitioner be admitted.