## Petition of ESCHER.

(District Court, S. D. Texas, at Houston. April 22, 1922.)

1. **Aliens ⊂⊃62—Applicant must have desire for citizenship during entire five-year probation period.**

Naturalization Act June 29, 1906, § 4, subd. 4 (Comp. St. § 4352, subd. 4), implies that an applicant for citizenship shall have had the desire to acquire citizenship during the entire probation period of five years, so that an application will be denied where such intention is disproved, not only by the presumption against it arising from a claim of exemption from military service on the ground of alienage, but also by the testimony of the applicant himself that, when he claimed his exemption, he had no intention of becoming an American citizen.

2. **Aliens ⊂⊃62—Claim of exemption from military service excludes period from five-year probation.**

The fact that an applicant for naturalization had claimed exemption from military service on the ground of alienage does not establish his unfitness for citizenship, but merely excludes the period during which such exemption was claimed from the five-year period of probation required before admission to citizenship, so that a petition of such alien will be dismissed without prejudice to renewal thereof after the lapse of five years, during all of which the applicant has desired citizenship.

Petition by Erwin Escher for naturalization. Petition dismissed without prejudice to renew later.

M. H. Anthoni, U. S. Naturalization Examiner, of San Antonio, Tex., for the United States.

HUTCHESON, District Judge. This is a hearing upon the petition of Erwin Escher to be admitted to citizenship. The government, through the examiner, objects to his admission on the ground that, in answering his questionnaire, in the fall of 1918, he asserted a claim to exemption from military service on the ground that he was not a citizen of the United States.

The petitioner replies that, while it is true he did make this claim, the fact is that at the time of his registration for the draft, in September, 1918, and of the making of his questionnaire, he had not filed any declaration of intention to become a citizen of the United States, and at that time had no intention to become such; that, on the contrary, a question having arisen some time previous as to whether or not he was in fact a citizen of Austria, of which country his father, though a Swiss by birth, was a naturalized citizen, he had secured for himself Swiss citizenship papers, and in 1918 was in law and in fact, and intending to remain, a citizen of the republic of Switzerland.

The facts disclose that this petitioner, due, as he claims, to a sense of fidelity to the country of his father's naturalization, had at the outbreak of the war put himself at the disposition of the Austro-Hungarian consul in Paris for service in the Austrian army; that afterwards, his offer having been declined, he came to the United States, where he declared himself an Austrian. He further states:

"On February 6, 1917, when it had become evident that I would not be able any more to be of service to Austria, I exposed my case to the Swiss consul, in New York, orally and in a letter which in my mind amounted to a

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

renunciation of Austrian allegiance, asked for Swiss citizenship papers, which I obtained in due time from Zurich. Since then I declared myself a Swiss. The reason for my choosing to be a Swiss rather than an American citizen was that I did not want to fight against the country adopted by my father, except in behalf of Switzerland, of which I was a citizen by my father's will. In filling the questionnaire for the selective draft, I followed strictly the advice given me at the Swiss consulate in this city."

In 1919 he filed his declaration of intention, and after two years he filed the petition which is now before the court. The objection of the government is that which arises out of the fact of his claiming exemption on the ground of alien citizenship, which raises the presumption, which his testimony in this case affirmatively supports, that at that time and prior thereto he had no intention of becoming an American citizen.

[1] As already stated by this court in Re Cuny, 269 Fed. 464:

"The laws that govern naturalization require that, to entitle an applicant to be admitted to citizenship, except in certain specified cases, there must be a declaration of intention which declaration shall have been made not less than two, nor more than seven years before the petition for admission is filed. Subdivision 4 of section 4 of the law (Comp. St. § 4352, subd. 4) further provides: 'It shall be made to appear to the satisfaction of the court * * * that immediately preceding the date of his application,' the petitioner shall have 'resided continuously within the United States five years at least', and within the state or territory where such court is at the time held one year at least; and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same.' "

In the light of this statute, which provides a probation of five years for an applicant for citizenship, during which in effect the applicant is with a heart single alone to the interests of the United States, and with a mind animated by the purpose to enter into membership in the greatest order in the world, citizenship in this republic, waiting for the time to come when he may worthily enter, it is clear that the application of the petitioner for admission now should be denied.

In the Cuny Case the rejected applicant had theretofore filed his declaration of intention to become a citizen of the United States. That fact may tend to bring an applicant under stronger animadversion for having, after deliberately announcing his intention, repudiated that intention. It does not, however, furnish the real basis for exclusion. That basis is found in the fact that the petitioner has not, during the five years which he counts upon to complete his probation period, been at all times desirous of entering into citizenship, waiting only for the accolade.

[2] I think, however, as I did in the Cuny Case, and will so hold, that the claim to exemption by reason of alienage, which the petitioner had a perfect right to make at the time he made it, ought not to disqualify him in future for citizenship, but should have the effect, and that only, of excluding from the computation of his five-year probation that period, and all of the period, during which he has not been in the position of a waiting applicant.

The evidence in this case affirmatively establishes that the intention to become a citizen, which in the opinion of the court is requisite

throughout the period of five-year probation, did not begin with the petitioner until he filed his declaration of intention, and it will be the order of the court that the petition be dismissed without prejudice to the right of petitioner to refile when and after he shall have been able to prove, by competent evidence, as by law provided, five years of residence as a waiting and well-disposed applicant.